UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-6534 PSG (JCx) | Date | January 30, 2019 |
|---|---|---|---|
| Title | Mark Cordes v. Boulder Brands USA, Inc. | | |

| Present: The Honorable | Philip S. Gutierrez, United States District Judge |
|---|---|
| Wendy Hernandez | Not Reported |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
| Not Present | Not Present |

**Proceedings (In Chambers):**    Order GRANTING Defendant's motion to dismiss

Before the Court is Defendant Boulder Brands USA, Inc.'s ("Defendant") motion to dismiss the first amended complaint ("FAC"). *See* Dkt. # 20 ("*Mot.*"). Plaintiff Mark Cordes ("Plaintiff") has opposed this motion, *see* Dkt. # 21 ("*Opp.*"), and Defendant replied, *see* Dkt. # 22 ("*Reply*"). The Court finds the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. Having considered the moving papers, the Court **GRANTS** the motion.

I.   Background

Defendant manufactures Glutino Gluten Free Pretzels products, including Glutino Gluten Free Fudge Covered Pretzels (the "Product"). *See First Amended Complaint*, Dkt. # 19 ("*FAC*"), ¶ 1. The Product is sold in an opaque package that contains more than 40 percent empty space—referred to in the industry as "slack-fill." *Id.* ¶ 3. Plaintiff purchased the product in June 2018, and he alleges that he was surprised at the amount of slack-fill in the packaging. *Id.* He brings this putative class action under California's Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code §§ 1750, et seq., alleging that the slack-fill deceives consumers into believing that the packages of Defendant's product contain more pretzels than they actually do. *See id.* ¶¶ 43–54.

Defendant previously moved to dismiss the complaint, and the Court granted the motion. *See October 17, 2018 Order*, Dkt. # 18 ("*Oct. 17 Order*"). Specifically, the Court concluded that Plaintiff lacked standing to seek prospective injunctive relief both because he had not alleged that he intended to purchase the Product in the future and because he had not explained why he would not be able to determine the number of pretzels in the Product's package before making any future purchases. *See id.* at 4–7. It also concluded that he lacked standing to sue on

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-6534 PSG (JCx) | Date | January 30, 2019 |
|---|---|---|---|
| Title | Mark Cordes v. Boulder Brands USA, Inc. | | |

behalf of the putative class for varieties of Defendant's products that he did not personally purchase, because the complaint did not allege that those other varieties were substantially similar to the Product. *Id.* at 7–8. And finally, the Court concluded that Plaintiff had not adequately pleaded that the slack-fill in the Product's packaging was non-functional, an element of his cause of action under the CLRA. *See id.* at 9–10.

The Court granted Plaintiff leave to amend, *see id.* at 12, and Plaintiff timely amended. *See FAC.* Defendant now moves to dismiss the FAC for lack of standing and failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).

II.    Legal Standard

   A.    Standing

A plaintiff must "have 'standing' to challenge the action sought to be adjudicated in the lawsuit." *Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc.*, 454 U.S. 464, 471 (1982) (citation omitted). The "irreducible constitutional minimum" of Article III standing has three elements: (1) the plaintiff must have suffered an "injury in fact," meaning a concrete and particularized injury that is actual or imminent; (2) the injury must be causally related to the defendant's challenged actions; and (3) it must be "likely" that the injury will be "redressed by a favorable decision." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (internal quotation marks and citations omitted); *Townley v. Miller*, 722 F.3d 1128, 1133 (9th Cir. 2013). The plaintiff, as the party invoking federal jurisdiction, has the burden of establishing these elements. *See Lujan*, 504 U.S. at 561.

Article III standing bears on the court's subject matter jurisdiction and is therefore subject to challenge under Federal Rule of Civil Procedure 12(b)(1). *See Maya v. Centex Corp.*, 658 F.3d 1060, 1067 (9th Cir. 2011). Rule 12(b)(1) attacks on subject matter jurisdiction can be factual or facial. *See Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). In a facial attack, such as Defendant's attack here, "the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Id.* When evaluating a facial attack on jurisdiction, the court accepts the factual allegations in the plaintiff's complaint as true. *See Miranda v. Reno*, 238 F.3d 1156, 1157 n.1 (9th Cir. 2001).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-6534 PSG (JCx) | Date | January 30, 2019 |
|---|---|---|---|
| Title | Mark Cordes v. Boulder Brands USA, Inc. | | |

B.  Rule 12(b)(6)

To survive a motion to dismiss under Rule 12(b)(6), a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In assessing the adequacy of the complaint, the court must accept all pleaded facts as true and construe them in the light most favorable to the plaintiff. *See Turner v. City and Cty. of San Francisco*, 788 F.3d 1206, 1210 (9th Cir. 2015); *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). The court then determines whether the complaint "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. Accordingly, "for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (internal quotation marks omitted).

III.  Discussion

A.  Standing

  i.  *Prospective Injunctive Relief*

In its previous order, the Court held that Plaintiff lacked standing to pursue prospective injunctive relief because he had not alleged that he intended to purchase Defendant's Product in the future and because he had not explained why he would be unable to determine in the future how many pretzels are in the Product's packaging. *See Oct. 17 Order* at 7–8. The FAC has not attempted to cure these defects, and Plaintiff has not responded to Defendant's argument that his claim for prospective injunctive relief should again be dismissed for lack of standing. Arguments to which no response is supplied are deemed conceded. *See, e.g.*, *Tapia v. Wells Fargo Bank, N.A.*, No. CV 15-03922 DDP (AJWX), 2015 WL 4650066, at *2 (C.D. Cal. Aug. 4, 2015); *Silva v. U.S. Bancorp*, No. 5:10-cv-01854-JHN-PJWx, 2011 WL 7096576, at *3 (C.D. Cal. Oct. 6, 2011). Accordingly, the Court **GRANTS** Defendant's motion to dismiss Plaintiff's claims for prospective injunctive relief.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-6534 PSG (JCx) | Date | January 30, 2019 |
|---|---|---|---|
| Title | Mark Cordes v. Boulder Brands USA, Inc. | | |

      *ii.     Standing for Non-Purchased Products*

    While Plaintiff purchased only Defendant's Gluten Free Fudge Covered Pretzels, *see FAC* ¶ 3, he seeks to represent a class of purchasers of all varieties of Defendant's gluten free pretzel products, *see id.* ¶ 29.

    The "'prevailing view' in the Ninth Circuit" is that class action plaintiffs can bring claims for products they did not purchase "as long as the products and alleged misrepresentations are substantially similar." *In re 5-Hour ENERGY Mktg. & Sales Practices Litig.*, No. MDL 13-2438 PSG (PLAx), 2014 WL 5311272, at *7 (C.D. Cal. Sept. 4, 2014). Courts often postpone the inquiry about the similarity of the products until the class certification stage. *See id.* As the Court noted in its previous order, it would have been inclined to take that course in this case "had Plaintiff included *anything* in the complaint that would indicate that all varieties of Defendant's pretzels have similar slack-fill in their packaging." *See Oct. 17 Order* at 8. But because the complaint contained no allegations about other varieties of Defendant's products, the Court found that Plaintiff had failed to plausibly allege that the non-purchased products were substantially similar to the product he purchased. *See id.*

    The FAC once again does not contain any allegations about other varieties of Defendant's pretzels. Plaintiff does not argue to the contrary. Instead, he asks the Court to again grant him leave to amend to add additional allegations that would show substantial similarity. *See Opp.* 13:4–22. The Court takes this as a concession that the *current* allegations are still insufficient to show substantial similarity. Therefore it **GRANTS** Defendant's motion to dismiss the claims based on non-purchased products.

      B.     <u>Rule 12(b)(6)</u>

    Slack-fill is only actionable under the CLRA when it is "nonfunctional." *See* Cal. Bus. & Prof. Code § 12606.2(c). Slack-fill is nonfunctional when it is included in a package for any reason other than:

    (1) Protection of the contents of the package.

    (2) The requirements of the machines used for enclosing the contents in the package.

    (3) Unavoidable product settling during shipping and handling.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-6534 PSG (JCx) | Date | January 30, 2019 |
|---|---|---|---|
| Title | Mark Cordes v. Boulder Brands USA, Inc. | | |

(4) The need for the package to perform a specific function, such as where packaging plays a role in the preparation or consumption of a food, if that function is inherent to the nature of the food and is clearly communicated to consumers.

(5) The fact that the product consists of a food packaged in a reusable container where the container is part of the presentation of the food and has value that is both significant in proportion to the value of the product and independent of its function to hold the food, such as a gift product consisting of a food or foods combined with a container that is intended for further use after the food is consumed or durable commemorative or promotional packages.

(6) Inability to increase the level of fill or to further reduce the size of the package, such as where some minimum package size is necessary to accommodate required food labeling exclusive of any vignettes or other nonmandatory designs or label information, discourage pilfering, facilitate handling, or accommodate tamper-resistant devices.

*Id.* (2014–2018 version).[1] Accordingly, to state a claim under the CLRA, Plaintiff must plead facts sufficient to give rise to an inference that none of these six safe harbor provisions apply.

In his initial complaint, plaintiff made only a conclusory allegation that "[n]one of the above safe-harbor provisions applies to the Glutino Gluten Free Pretzels products." *Complaint*, Dkt. # 1, ¶¶ 14–15. Defendant argued this was not enough to plead that the first three safe harbor provisions did not apply. After the Court agreed and dismissed the claims, Plaintiff added allegations about the first three safe harbor provisions to his amended complaint. Specifically, Plaintiff alleges, citing no authority, that the provision regarding the protection of the product does not apply because it "cannot be invoked unless each product within the package is individually packaged." *See FAC* ¶ 15. He further alleges that modern-day packaging machines are so precise that they do not require slack-fill in order to package products, so the

---

[1] An amendment to the CLRA which took effect on January 1, 2019 added additional safe harbor provisions. Defendant argues briefly that the amendment should apply retroactively to Plaintiff's claims. *See Mot.* 13:17–15:11. However, California courts apply statutes retroactively only when there is either "express language or clear and unavoidable implication from the California Legislature." *Myers v. Philip Morris Cos.*, 28 Cal. 4th 828, 840 (2002). Defendant has identified no such language or implication in the amendment to the CLRA, and the Court can see none. Accordingly, it concludes that the previous version of the statute governs Plaintiff's June 2018 purchase.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-6534 PSG (JCx) | Date | January 30, 2019 |
|---|---|---|---|
| Title | Mark Cordes v. Boulder Brands USA, Inc. | | |

packaging requirements safe harbor does not apply. *See id.* ¶ 16. And finally, he alleges, again without citing to any authority, that the safe harbor provision regarding product settling "may only be invoked if the product at issue has active ingredients that interact after packaging." *Id.* ¶ 17.

Defendant argues that the allegations added to the FAC about these safe harbor provisions are *still* insufficient to state a claim. The Court agrees with respect to the first and third safe harbor provisions, which allow for slack-fill when it is necessary for protection of the product or is caused by unavoidable product settling. The FAC's only allegations on these points are essentially legal arguments that these provisions categorically do not apply to the Product at issue here. *See id.* ¶¶ 15, 17. But Plaintiff cites no legal authority for his interpretations of the CLRA and, as far as the Court can tell, they have no support in the statute's text. Further, Plaintiff does not attempt to defend his legal allegations in his opposition; instead, he argues only that he should be given another opportunity to amend to add additional *factual* allegations. *See Opp.* 6:6–9:2.

Accordingly, the Court concludes that the allegations in the FAC are not enough give rise to a plausible inference that the slack-fill in Defendant's product packaging is not necessary for protection of the product or is not caused by product settling. Because Plaintiff's CLRA claim is actionable only if these safe harbor provisions do not apply, the Court **GRANTS** Defendant's motion to dismiss.[2]

VI.   Leave to Amend

Whether to grant leave to amend rests in the sound discretion of the trial court. *See Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995). When the Court has already granted a plaintiff leave to amend, "its discretion in deciding subsequent motions to amend is 'particularly broad.'" *Chodos v. W. Pub'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) (quoting *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 77, 879 (9th Cir. 1999)). The Court considers whether leave to amend would cause undue delay or prejudice to the opposing party, and whether granting leave to amend would be futile. *See Sisseton-Wahpeton Sioux Tribe v. United States*, 90 F.3d 351, 355 (9th Cir. 1996). The Ninth Circuit has held that it is within the discretion of district courts to deny leave to amend when the "new" facts sought to be added were available to the plaintiff at the time of an earlier pleading. *Chodos*, 292 F.3d at 1003.

---

[2] The Court does not reach Defendant's other arguments for dismissal.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-6534 PSG (JCx) | Date | January 30, 2019 |
|---|---|---|---|
| Title | Mark Cordes v. Boulder Brands USA, Inc. | | |

Here, Plaintiff argues that he should be permitted to amend once again because he has "discovered" additional facts that that would make it more plausible that the slack-fill is not necessary for the protection of the Product. *See Opp.* 7:26–9:2. Specifically, he seeks leave to allege that slack-fill makes up 80 percent of the product's packaging, up from his current allegation of "more than 40 percent." *See id.* 7:27–8:2. He also proffers that the product's package is "inflated with some type of a gas, either air, nitrogen, or some other gas, to ensure that the packaging cannot be significantly compressed, which significantly increases the overall volume of the packaging at issue." *See id.* at 8:7–10. Additionally, he states that he has discovered that comparable products—namely Snyder's of Hanover pretzels—use packaging that contains significantly less slack-fill than Defendant's product. *See id.* 8:19–9:2. And finally, he asserts that he has "recently determined" that Defendant's Yogurt Covered Pretzels and Pretzel Twists have similar amounts of slack-fill to the product he purchased, which, he contends, should allow him to pursue class claims based on these non-purchased products. *See Opp.* 13:4–22.

However, while Plaintiff characterizes these facts as recent discoveries, he has not explained why he could not have ascertained them before he filed his initial complaint, or, at the very least, before he filed his amended complaint. It appears to the Court that all of the facts Plaintiff seeks to add to a second amended complaint could have been learned through a simple trip to the grocery store. Plaintiff has been on notice since at least the Court's order dismissing the original complaint that he needed to allege facts sufficient to show that the non-purchased products were substantially similar to the product he purchased and that the safe harbor provisions of the CLRA did not apply. As discussed above, it appears to the Court that Plaintiff made essentially no effort to remedy these defects in his amended complaint. Defendant has already been forced to expend resources moving to dismiss an amended complaint that suffered from the same defects as the original, and the Court concludes that it would be unduly prejudicial to force it to go through yet another round of briefing. *See Chodos*, 292 F.3d at 1003.

Because all of the facts Plaintiff seeks to add to his amended complaint appear to have been easily available to him before he filed his first amended complaint, the Court concludes that leave to amend is not warranted. *See id.* Accordingly, leave to amend is **DENIED**.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-6534 PSG (JCx) | Date | January 30, 2019 |
|---|---|---|---|
| Title | Mark Cordes v. Boulder Brands USA, Inc. | | |

V.  Conclusion

For the foregoing reasons, the Court **GRANTS** Defendant's motion to dismiss. Leave to amend is **DENIED**. This order closes the case.

**IT IS SO ORDERED**.